IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BILLY D. JONES                                                   PLAINTIFF

      v.                               CIVIL NO. 3:15-cv-3001-MEF

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                  DEFENDANT

## MEMORANDUM OPINION

      Billy Jones ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI").  ECF No. 1.  This matter is presently before the undersigned by consent of the parties.

      The Commissioner filed an answer to Plaintiff's action on June 5, 2015, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive.  ECF No. 8.  On July 21, 2015, having changed positions, the Commissioner filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings.  ECF Nos. 13.  Specifically, the Commissioner requests that we grant remand to allow the ALJ to reevaluate the treating and non-treating source opinions and explain the weight given to each.

      The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g).  A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296 (1993).

Here, we find remand is appropriate to allow the ALJ to further evaluate the evidence as addressed above. Therefore, the Commissioner's motion to remand is hereby **GRANTED** and the case remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 22nd day of July, 2015.

/S/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE